## FULLER & WARREN CO. v. TOWN OF ARLINGTON.

(Circuit Court, D. Massachusetts. September 15, 1892.)

### No. 2,765.

PATENTS FOR INVENTIONS—INVENTION—MECHANICAL SKILL—PRIVY FURNACES.
 Letters patent No. 264,568, issued September 19, 1882, to William S. Ross, for a furnace for privies, consisting of a metallic vault having a fire chamber at one end and a flue at the other, with a perforated platform for separating the solid from the fluid matter, are void, as the alleged invention is the result of mere mechanical skill.

In Equity. Suit by the Fuller & Warren Company against the town of Arlington for infringement of letters patent No. 264,568, issued September 19, 1882, to William S. Ross, for furnaces for privies. Bill dismissed.

The first claim of the patent reads as follows:

(1) As an attachment for a privy, a horizontal, metallic casing, constituting the depository for the fecal matter, and provided with the hinged lids and fire chamber, substantially as set forth."

Esek Cowen, for complainant.
William H. H. Tuttle, John W. Munday, and Lysander Hill, for defendant.

PUTNAM, Circuit Judge. The contest in this case is narrowed down to the first claim in the patent. The court calls special attention to the fact that this claim relates strictly to a combination, and in no manner touches a method or process. The pith of the complainant's alleged invention is stated by its expert. It is also stated in the complainant's brief in substantially the same terms used by the expert, as follows:

"The precise improvement made by Ross was as follows: The ordinary country privy has for a receptacle simply a pit dug in the ground, which retains the solid matter, while the liquid soaks away through the soil. For this pit Ross substituted what he calls a 'metallic casing,'—that is, an incombustible (for that is the only object of making it metallic) vault, tube, or duct, for the reception of the fecal matter, over which the privy seats are placed, and which is open at both ends. At one end is placed an air shaft or flue, which takes the air from the interior of the vault or casing into the atmosphere above the building. At the opposite end of the vault is a fire chamber, containing a grate, for the purpose of highly heating air that enters the vault, which heated air is drawn through the vault by the flue or shaft. The fecal matter, as it falls from the seats above, is received upon a perforated platform which separates the solid portion from the liquid. There is, therefore, a pile of solid matter beneath each seat. When the grate is not in use, the doors at the end of the vault opposite the flue admit enough air to carry away the odors. Page 169, line 50. When the closet is so full that it is desirable to remove its contents, a fire is built in the grate. The heated air, mingling with the products of combustion, is drawn over and around the piles of matter resting on the platform. They are rapidly dried, and, when thoroughly dried, are usually mixed with some combustible matter and burned."

Striking out the superfluous words, this reads as follows:

"For this pit, Ross substituted a metallic vault, open at both ends; at one end, a flue; at the opposite end, a fire chamber. The fecal matter falls from the seats upon a perforated platform, which separates the solid portion. When desirable to remove the contents, a fire is built. The piles of matter are rapidly dried, mixed with some combustible matter, and burned."

The specifications and claim fail to point out the advantages of the perforated platform, and it may be that all relating to it could be omitted without changing the essence of the complainant's description of the pith of its own invention; but, independently of this, when the case comes down to the concise form above given, it seems to suggest at once to any intelligent mind the common process of heating, drying, baking, or burning, with such common changes of details as the daily occurrences of life constantly require, and nothing more. The court need not repeat the brief and ordinary terms in which all this could easily be put, as they are apparent to every one on slight consideration. If the complainant had any claim to any part of the suggestion or idea of first drying, and then consuming, fecal matter, as a sanitary measure, this might show an inventive mind, within the meaning of the law. But its success in marketing a fireproof vault, with a grate and flue attached, for drying and consuming fecal matter, even though the vault is traversed by a perforated platform in order to make two currents of heated air, or to separate the solid portions from the liquid, is not the result of inventive genius, but of the mechanical skill of complainant in meeting the ordinary emergencies of heating, drying, baking, or consuming by fire, for either domestic or public uses.

Bill dismissed, with costs.